MATTER OF FRANKLIN PIERCE COLLEGE

Petition for APPROVAL OF SCHOOL

BOS-214(f)-615

*Decided by Regional Commissioner January 30, 1964*

(1) Approval of an established institution of learning for attendance by non-immigrant students under section 101(a)(15)(F), Immigration and Nationality Act, requires, among other things, a finding that the school is a *bona fide* institution of learning, possesses the necessary facilities and is otherwise qualified for the instruction of students in recognized courses, and confers upon its graduates a recognized degree or its credits are recognized by, and transferable to, an institution which does confer such a degree.

(2) Petitioning liberal arts college is denied approval for attendance by non-immigrant students because library and recreational facilities are inadequate; no evidence has been submitted that the credits earned by the students at the institution would be recognized by, or transferable to, other schools; no evidence has been submitted of reputation of the college as an educational institution in the community; no evidence has been submitted of assured sources of funds or of financial stability of institution, and the U.S. Office of Education, after consultation, recommended denial of the petition.

This is an appeal from the decision of the District Director who denied the petition to approve Franklin Pierce College at Rindge, New Hampshire, for the attendance of nonimmigrant alien students.

The petition and supporting documents indicate that the institution is a nonprofit organization chartered in November 1962 by the State of New Hampshire and operated by a board of trustees. The physical plant comprises six buildings with dormitory, classrooms and other facilities. The college has no library and uses the facilities of the Ingalls Memorial Library at Rindge. The institution has been planned to operate as a co-educational liberal arts college which will confer upon its graduates the degree of bachelor of arts. It commenced operation in September 1963, has an enrollment of about ninety students, a faculty of eleven instructors, and presently is offering courses at the freshman level only.

Approval of a petition of this type requires, among other things, a finding that the school is a *bona fide* institution of learning, possesses the necessary facilities and is otherwise qualified for the instruction

of students in recognized courses and confers upon its graduates a recognized degree or its credits are recognized by and transferable to an institution which does confer such a degree. In reaching a decision, the Service is required by section 101(a)(15)(F) of the Immigration and Nationality Act to consult with the Office of Education of the United States. In this case, the Office of Education, after reviewing the information submitted with the petition and the information obtained through Service inquiry, has recommended that the petition not be approved.

We have carefully examined the record in this case including the information submitted in support of the appeal. As pointed out by the District Director in his decision, the record contains no evidence of the reputation of the college as an educational institution in the community, and the library and recreational facilities do not appear to be adequate for an institution of this type. Additionally, no evidence has been submitted that the credits earned by students at the institution would be recognized or transferable to other schools. Further, the material submitted in support of the institution's financial stability does not contain any documentary evidence of financial stability and no evidence is given of assured sources of funds. We find the recommendation of the Office of Education that the petition be denied to be persuasive. In our opinion, the petitioner has failed to satisfactorily establish that, in its present state of development, the college can be considered as having met the requirements of the statute. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.